IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**DARRELL HENRY WILLIAMS**,

        Petitioner,

v.

**JOE COAKLEY, Warden,**

        Respondent.

**Civil No.: 5:18CV46**
**(JUDGE STAMP)**

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On March 26, 2018, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. At the time, Petitioner was a federal inmate housed at USP Hazelton and is challenging the validity of his sentence imposed in the United States District Court for the Eastern District of Missouri. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

### II.   FACTUAL AND PROCEDURAL HISTORY [1]

Petitioner was charged with conspiracy to distribute in excess of 500 grams of

---

[1] The undersigned reviewed Petitioner's criminal docket from the Middle District of Tennessee in preparing this section. See 3:04-cr-129 (MDTN) available on PACER. In addition, the undersigned was provided a copy of Petitioner's Pre-Sentence Report by the Probation Office in that district. Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

cocaine, in violation of Title 21, United States Code, Section 841(a)(1), and knowingly escaping from a facility to which he was lawfully committed, in violation of Title 18, United States Code, Section 751(a). On December 1, 2000, a jury found Petitioner guilty on both counts of the indictment. On March 2, 2001, Petitioner was sentenced as a career offender under Title 21, United States Code, Section 841 and United States Sentencing Guidelines (U.S.S.G.) Section 4B1.1 to 310 months imprisonment for conspiracy to distribute cocaine and 60 months imprisonment for escape from custody, to be served concurrently. On appeal, his conviction and sentence were affirmed on July 9, 2002. United States v. Williams, 295 F.3d 817 (8th Cir. 2002).

On December 31, 2003, Petitioner filed a motion to vacate pursuant to Title 28, United States Code, Section 2255. In that petition, he challenged his sentence arguing that he was denied his constitutional right to counsel under the Sixth Amendment due to ineffective assistance of counsel. In addition, he alleged that the Government failed to comply with the Speedy Trial Act and the statute under which he was sentenced, 21 U.S.C. § 841(b)(1)(B)(ii), had been deemed unconstitutional. Finally, he alleged that the Federal Sentencing Guidelines for career offenders, U.S.S.G. Section 4B1.1 was incorrectly applied. On March 29, 2017, his Motion Under 28 U.S.C. § 2255 was denied. On appeal, the Eighth Circuit declined to grant Petitioner's application for a certificate of appealability.

Following the decision in Johnson v. United States, 135 S.Ct. 2251 (2015), Petitioner filed an Application for Leave to File a Successive Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Petitioner

2

argued that Johnson's holding that the residual clause of the Armed Career Criminal Statute was unconstitutionally vague was applicable to his career offender sentence, and he no longer qualified as a career offender because his conviction for assault in the second degree under Missouri law no longer qualified as a predicate offense. The application was stayed pending the decision in Beckles v. United States, 137 S.Ct. 2886 (2017). Following the decision in that case, which held that Johnson did not apply to the advisory guidelines, Petitioner's application to file a second or successive §2255 motion was denied.

### III.     PETITIONER'S CLAIMS

In support of his petition pursuant to 28 U.S.C. § 2241, Petitioner argues at great length that the Eighth Circuit's approach to the established gatekeeping measures restricting the ability to bring new and repetitive claims in second or successive habeas corpus actions is a "crap shot." ECF No. 1 at p. 12. Petitioner goes on to argue that as applied by the Eighth Circuit, Sections 2255(h)(2) and 2244(b)(2)(A) constitute a suspension of the writ of habeas corpus, and he maintains he has established that the remedy has been rendered ineffective and unavailable to provide the habeas corpus remedy Congress intended those statutes to preserve. In addition, Petitioner argues that Johnson is retroactively applicable to the mandatory guidelines, and because he was sentenced under the identical residual clause found in the career offender guidelines, his sentence is no longer valid. For relief, he asks this court to vacate his judgment and resentence him with the career offender sentencing enhancement.

### IV.     LEGAL STANDARDS

### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

As a pro se litigant, Petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

### C. Post-Conviction Remedies and Relief

Despite the title he affixes to his petition, Petitioner unequivocally challenges the validity of his sentence and not the execution of his sentence, as such his filing is not a habeas petition under 28 U.S.C. § 2241; but rather, it is a Motion to Vacate, Set Aside,

4

or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. See In re Vial, 115 F.3d 1192, 1193 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255

However, § 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas pursuant to § 2241. It states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(3) (emphasis added). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," Vial, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. Young v. Conley, 128 Fed Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the Petitioner's claim must contain all three of the following characteristics: (1) at the time of his conviction, the settled law of this circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of 2255

because the new rule is not one of constitutional law. In re Jones, 226 F.3d at 328, 333-34 (4th Cir. 2000). With respect to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of 2255 (h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. United States v. Wheeler, 886 F.3rd 415, 429 (4th Cir. 2018). The Fourth Circuit specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in Wheeler. Id. In addition, the Fourth Circuit held that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the Court does not have jurisdiction to entertain the § 2241 petition. Id. at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. See Hood v. United States, 13 Fed Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); McGee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Hayes v. Ziegler, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. February 20, 2014), aff'd, 573 Fed.Appx. 268 (4th Cir. 2014).

## V.   ANALYSIS

As noted, Petitioner was convicted of conspiracy to distribute in excess of 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1) and knowingly escaping from a

6

facility to which he was lawfully committed, in violation of 18 U.S.C. § 751(a). The sentencing court found Petitioner to be a career offender under the pre-Booker,[2] then-mandatory Guidelines and sentenced him to 310 months. Pursuant to the Guidelines, a defendant can be designated a career offender if:

> (1)The defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). Petitioner's PSR identified two convictions that purportedly counted as prior felony convictions of a crime of violence: (1) Petitioner's conviction for Missouri assault second degree and (2) robbery first degree.

Petitioner maintains that his career offender classification was based on either "the assault second conviction and/or the attempted escape conviction without identifying which)." ECF No. 1 at 5. Petitioner further argues that his Missouri second degree assault for causing physical injury, indivisibly encompassed non-violent conduct, and attempted escape from confinement indivisibly encompasses escapes from both non-secure and secure facilities. Id. at 6.  Petitioner does not address his Robbery First Degree conviction.

The second prong of the Wheeler test requires a showing that (1) the settled substantive law, which established the legality of the defendant's sentence, has changed and (2) that change in the law has been deemed to apply retroactively on

---

[2] United States v. Booker, 543 U.S. 220 (2005).

collateral review.[3] Although Petitioner alleges that his convictions for second degree assault and attempted escape fall under the residual clause of the career offender provision of the sentencing guidelines, and are not crimes of violence, he cites absolutely no case law to support his allegations, let alone case law that has been held retroactive to cases on collateral review.[4] Furthermore, Petitioner's predicate offenses for purposes of the career offender enhancement were his prior convictions for Missouri Assault Second Degree and Robbery First Degree, each of which falls within the elements clause of the definition of a crime of violence and not within the residual clause that mirrors that of the ACCA.

Under Missouri Statute, Robbery in the First Degree is defined as follows:

A person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof, he or another participant in the crime,

    (1) Causes serious physical injury to any person; or

    (2) Is armed with a deadly weapon; or

    (3) Uses or threatens the immediate use of a dangerous instrument against any person; or

    (4) Displays or threatens the use of what appears to be a deadly weapon or dangerous instrument.

MO. Rev. Stat. § 569.020.1. A person "forcibly steals" when he "uses or threatens the immediate use of physical force upon the person of another…" MO. Rev. Stat. 569.010(1). Bevly v. United States, No. 4:16CV00965 ERW, 2016 WL 6893815, at *2 (E.D. Mo. Nov. 3, 2010).

---

[3] In evaluating substantive claims, the court is to look to the law of the circuit of conviction. See Hahn v. Mosley, 931 F.3d 295 (4th Cir. 2019).

[4] Although Petitioner appears to argue that Johnson is retroactive to the pre-Booker mandatory guidelines, the Fourth Circuit has determined that the holding in Johnson is not applicable to pre-Booker guidelines cases. See United States v. Brown, 868 F.3d 297 (2017).

8

Court records reflect that Petitioner's offense under this statute occurred on February 20, 1988, when he struck the female victim in the head with a .45 caliber revolver and stole two rings and a purse from her. Accordingly, Petitioner's conviction for Robbery in the First Degree fits squarely in the elements clause of the career offender guidelines. See §4B1.2(1)(1).

With respect to Petitioner's conviction for second-degree assault, Mo. Rev. Stat. § 596.060 reads in relevant part:

1   A person commits the crime of assault in the second degree if he:

   (2) Attempts to cause or knowingly causes physical injury to another person by means of a deadly weapon or dangerous instrument…

Petitioner pleaded guilty to two counts of Assault Second Degree in the Circuit Court of St. Louis, Missouri. According to the presentence report prepared by the Missouri Board of Probation and Parole, the offense occurred on March 13, 1982, when officers of the St. Louis Police Department on routine parole observed a vehicle with two occupants who matched the description of wanted suspects. Attempts by the officers to curb the vehicle were unsuccessful, and a high-speed chase ensued. After one of the vehicle's tires blew out, the driver, later identified as Petitioner, exited his vehicle and fired two shots from a .25 caliber automatic handgun at the officers, who had exited their patrol car.

The Eighth Circuit has held that second-degree assault under § 565.060.1(2) is a crime that "has an element the use, attempted use, or threatened use of physical force against the person of another" and therefore constitutes a violent felony. United States v. Vinton, 631 F.3d 476, 485 (8th Cir. 2011).

Therefore, Petitioner has not satisfied the § 2255(e) savings clause, he is not entitled to § 2241 relief through § 2255(e), and this Court is without subject-matter jurisdiction. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. RECOMMENDATION

Based on the foregoing, the undersigned recommends Petitioner's writ of habeas corpus pursuant to § 2241 [ECF No. 1] be **DENIED and DISMISSED WITHOUT PREJUDICE**. It is further **RECOMMENDED** that the Petitioner's "Request for Timely Speedy Resolution" [ECF No. 23] be **DENIED AS MOOT**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas

10

v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: October 10, 2019

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE