IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DARRELL HENRY WILLIAMS,

    Petitioner,

v.                                            Civil Action No. 5:18CV46
                                                          (STAMP)
JOE COAKLEY, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE,
OVERRULING PETITIONER'S OBJECTIONS,
DENYING AS MOOT PETITIONER'S REQUEST
FOR TIMELY SPEEDY RESOLUTION AND
DISMISSING CIVIL ACTION WITHOUT PREJUDICE**

I.  Background

The pro se[1] petitioner, Darrell Henry Williams, a federal inmate designated to USP Hazelton in Bruceton Mills, West Virginia, filed a petition for habeas corpus under 28 U.S.C. § 2241. ECF No. 1. In the petition, the petitioner challenges the validity of his sentence from the United States District Court for the Eastern District of Missouri. ECF No. 1 at 2. The petitioner asserts that when applying 28 U.S.C. §§ 2255(h)(2) and 2244(b)(2)(A), the Eighth Circuit renders § 2255 an inadequate and ineffective remedy by which to test the legality of his conviction and sentence and "amounts to a suspension of the writ of habeas corpus in violation

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

of Article I, Section IX of the Constitution which prohibits suspension of the writ of habeas corpus." Id. at 11. Moreover, the petitioner states that the sentencing judge "applied the then mandatory career offender guideline, which increased the mandatory range," relying "on either the assault second conviction and/or the attempted escape conviction (without identifying which)." Id. at 5. The petitioner states that:

> The 'residual clause definition' by which [his] Missouri state convictions for attempted escape and assault in second degree were qualified as Guidelines 'crimes of violence' was unconstitutionally vague for the identical reasons the residual clause in [the Armed Career Criminal Act] ACCA was struck down in 2015. Because the 'mandatory Guidelines' in effect at the time of [his] 2001 sentence were mandatory and fixed the penalty range the district could apply to punish [him], the same due process rule that invalidated the ACCA residual clause applies to the mandatory Sentencing Guidelines residual definition in U.S.S.G. § 4B1.2(a)(2). In the context of mandatory Sentencing Guidelines sentencing, the Johnson[2] decision constitutes a retroactive 'substantive decision' that 'prohibits a certain category of punishment for a class of defendants because of their status or offenses.

Id. at 6. Specifically, the petitioner contends that "[t]he 'element of force' category for 'crimes of violence under U.S.S.G. § 4B1.2(a)(1) is identical to the 'element of force' clause of ACCA, and courts uniformly interpret them interchangeably." Id. According to the petitioner, "[b]oth definitions include only crimes that require as an element the use of vehement, furious, 'violent force' capable of causing physical pain to another." Id.

---

[2]Johnson v. United States, 135 S. Ct. 2251 (2015).

2

The petitioner contends that his Missouri second degree assault conviction "employed indivisible elements encompassing both violent and nonviolent force by attempting to cause or causing serious physical injury . . . nonviolent forms of injury another which the Fourth Circuit Court of Appeals established in 2012 do not qualify."  Id.  The petitioner asserts a similar argument with respect to his conviction for escape or attempted escape from confinement, asserting that the statute "indivisibly encompasses escapes from both non-secure and secure facilities."  Id.  For relief, the petitioner requests that this Court "[v]acate the judgment and commitment and resentence [him] without the career offender sentencing enhancement."  Id. at 9.

The petitioner also filed a motion titled as "Request for Timely Speedy Resolution."  ECF No. 23.

United States Magistrate Judge James P. Mazzone entered a report and recommendation (ECF No. 25) and the petitioner timely filed objections (ECF No. 16).  In his objections, the petitioner states that "Missouri's second degree assault statute as it existed at the time of petitioner's offense indivisibly incorporated 'reckless' conduct as well as intentional conduct with a firearm."  Id. at 1.  The petitioner asserts that reckless conduct "does not qualify as 'the use of force' within the meaning of both the career offender 'elements' definition and the identically interpreted 'elements' clause of the [ACCA]."  Id. at 2.  The petitioner then

3

proceeds to assert that the magistrate judge's report and recommendation overlooked various issues, such as "the separation of powers guarantee at the heart of habeas corpus proceedings." Id. at 3-6. The petitioner also states that there is a circuit split with respect to whether Johnson applies retroactively. Id. at 6.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

### III. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which the petitioner objected.

### IV. Discussion

This Court has conducted a de novo review of all portions of the magistrate judge's report and recommendation. In this case, for substantially the reasons stated by the magistrate judge, this Court finds that this Court lacks subject matter jurisdiction. As the magistrate judge correctly stated, the petitioner's predicate offenses for purposes of the career offender enhancement were his prior convictions for second degree assault and first degree

4

robbery under Missouri law.  See ECF No. 25 at 8-9.  The magistrate judge correctly found that the elements clause of the definition of a crime of violence is satisfied with respect to both of the petitioner's prior convictions for second degree assault and first degree robbery and the residual clause that mirrors that of the ACCA is inapplicable.  Id. at 8-9.  Therefore, the magistrate judge properly concluded that the petitioner has not satisfied the savings clause under 28 U.S.C. § 2255(e) and is not entitled to § 2241 relief through § 2255(e).  Id. at 10.  Accordingly, this Court upholds the magistrate judge's recommendation and overrules the petitioner's objections.

V. Conclusion

For the reasons discussed above, the report and recommendation of the magistrate judge (ECF No. 25) is hereby AFFIRMED and ADOPTED in its entirety.  The petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is DENIED and DISMISSED WITHOUT PREJUDICE, the petitioner's objections (ECF No. 27) are OVERRULED, and the petitioner's "Request for Timely Speedy Resolution" (ECF No. 23) is DENIED AS MOOT.

It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he

must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se petitioner by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: October 29, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE